IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KARIM N. JALLAD,

       Plaintiff,

       v.                                    Case No. 16-2843

RONNIE M. BEACH and
KATIE B. LECLUYSE,

       Defendants.

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Katie B. LeCluyse's Motion to Dismiss For Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) and defendant Ronnie M. Beach's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 9).

### I. Background

On December 30, 2016, plaintiff Karim N. Jallad filed his complaint pursuant to 42 U.S.C. § 1983, claiming violations of various rights. The facts of plaintiff's complaint involve the state court divorce proceedings between plaintiff and his former wife Cyntia Espada. Defendant LeCluyse, a therapist at Behavioral Health Specialists, was hired by plaintiff and Ms. Espada prior to their divorce, to help their minor daughter understand plaintiff's frequent travel. Plaintiff's work as a chemistry professor in Kuwait requires frequent travel. During the divorce proceedings, the state court appointed defendant Ronnie M. Beach to act as a parenting coordinator. Plaintiff brings four claims.

Count I alleges that defendant Beach violated plaintiff's fundamental and due process rights by deciding to: suspend plaintiff's parenting schedule, eliminating two overnight visits with his daughter;

-1-

shorten plaintiff's Skype sessions with his daughter to two 20-minute sessions per week; and allowing Ms. Espada to take their daughter to Puerto Rico for one week, and Dallas for five days.

Count II alleges that defendant Beach violated plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by monitoring and watching plaintiff's Skype sessions with his daughter.

Count III alleges that defendant Beach's actions denied plaintiff equal protection of the laws because they favored Ms. Espada, allowed her to travel with their daughter, while restricting plaintiff's parental rights.

Count IV alleges that defendants "conspired . . . to block Jallad form [sic] accessing the minor child's medical records by being INCONSISTANT and INVENTING unconstitutional Rules and Policies."  (Doc. 1 at 11.)   Plaintiff argues that defendants' conspiracy violated his Fourteenth Amendment right to the care, custody, and control of his daughter.

## II.     Discussion

When a plaintiff proceeds pro se, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court construes the pro se party's filings liberally and holds them to less stringent standards than pleadings filed by lawyers.  *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011).  Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).  For the reasons explained below, the court finds that plaintiff fails to state a claim.

### A.     Lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The party asserting subject-matter jurisdiction has the burden to establish it. *Id.*

First, "[i]t is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife, and parent and child." *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890))). This is not a removal action from state court, but plaintiff's claims and especially the facts he describes, read like a list of complaints about the actions taken by a Johnson County Court-appointed parenting coordinator. To the extent plaintiff is trying to raise substantive issues regarding the divorce and child custody proceedings, this court does not have jurisdiction and it is the sole province of the Johnson County Court to address plaintiff's concerns about those proceedings. To the extent that plaintiff does assert claims under federal statutes, the court will address those claims.

Plaintiff argues that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's complaint "must identify the statutory provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citing *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980)).

Plaintiff cites § 1331 and seeks to bring claims pursuant to 42 U.S.C. § 1983 and § 1985(3). The issue is whether he alleged sufficient facts to show his cause of action arises under federal law, or if he seeks redress for perceived injustices resulting from the Johnson County District Court's appointment of defendant Beach as parenting coordinator that should be addressed by the state court.

Plaintiff's claims generally involve defendant Beach's official actions as parenting coordinator and defendant LeCluyse's decision not to provide him with certain records regarding his daughter. He seeks declaratory and injunctive relief against each defendant, and compensatory and punitive damages from defendant Beach.

### *Younger Abstention*

In *Younger*, the United States Supreme Court held that federal courts must dismiss suits for declaratory or injunctive relief against pending state and civil proceedings, except in the most exceptional circumstances. *Younger v. Harris*, 401 U.S. 37, 46–49 (1971). The Supreme Court explained that even a showing of irreparable injury, the standard for obtaining an injunction, is not sufficient cause for federal interference in a state case in light of "the fundamental policy" against federal interference. *Id.* Instead, the court found that plaintiffs must also show "bad faith, harassment, or [some] other unusual circumstance[] that would call for equitable relief." *Id.* at 54. *Younger* abstention applies when "(1) a state criminal, civil or administrative proceeding is ongoing; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests." *Id.*

Under the first factor, plaintiff argues that *Younger* abstention should not apply because defendant Beach is no longer involved in the state court action. But the issue is whether the state court action involving plaintiff, Ms. Espada, and their daughter is complete. Plaintiff does not suggest that they are, and to the best of the court's knowledge, the state court proceedings regarding plaintiff's minor child may continue until her emancipation. The first factor is met.

Under the second factor, the Kansas State courts are the appropriate forum for plaintiff to bring any challenge to the decisions of the Johnson County Court and the forum for him to raise related challenges to any perceived impropriety or unfairness regarding those proceedings. Generally, "when

constitutional challenges impact state proceedings, as they do here, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S.1, 10 (1987)). As in *Morkel*, plaintiff's concerns are primarily with a court-appointed professional—in this case a parenting coordinator—and those matters should be brought before the trial court. Plaintiff's briefing suggests that he has already attempted to bring his concerns before the state court, but to the extent he has done so, *Morkel* explains that a state court's "decisions are not inadequate for *Younger* purposes simply because they court did not rule in [plaintiff's] favor. It is [plaintiff's] burden to establish that state law prevents [him] from presenting his federal claims in the state proceedings." *Morkel*, at 728–29. The complaint does not suggest that plaintiff tried and failed to address his constitutional claims in state court. And the parties' briefing suggests that plaintiff did in fact bring similar, or even identical constitutional claims to those raised in this case, before the Johnson County Court. The second factor is met.

Finally, under the third factor, domestic relations and child custody matters have long been accepted to be important state interests. *Id.* at 729. In fact, since 1890, the United States Supreme Court has recognized the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Burrus*, 136 U.S. at 594. The third factor is met. Therefore, this court abstains from asserting subject-matter jurisdiction over this case. Plaintiff's claims for injunctive and declaratory relief are therefore dismissed without prejudice for lack of subject-matter jurisdiction. As these are the only forms of relief sought from defendant LeCluyse, all claims against her are dismissed.

   **B.**  **Judicial Immunity**

Because *Younger* abstention prevents the court from asserting subject-matter jurisdiction only over plaintiff's claims for injunctive and declaratory relief, the court must still address plaintiff's claims for money damages. The court therefore proceeds to defendant Beach's claim that he is entitled to quasi-judicial immunity. "Absolute immunity has long been available to protect judges from liability for acts performed in their judicial capacity." *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 630 (10th Cir. 2014). This defense extends to "certain others who perform functions closely associated with the judicial process." *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). For example, guardians ad litem are often granted quasi-judicial immunity when performing duties integral to the judicial process, "such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality." *Id.* (quoting *Gardner ex re. Gardner v. Parson*, 874 F.2d 131, 145 (3d Cir. 1989)).

Defendant Beach claims that he is entitled to quasi-judicial immunity and the court finds that he is entitled to it. Plaintiff's complaints about Mr. Beach are all related to his actions and decisions he made as the parenting coordinator—whether to allow plaintiff's minor child to go on vacation with her mother and the frequency and length of plaintiff's Skype conversations with his daughter, as well as defendant Beach's decision to monitor those recorded Skype conversations. Plaintiff argues that these decisions infringe on his parental rights and also his Fourth Amendment right to privacy. But "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 631 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). The same immunity applies to defendant Beach in this case. Plaintiff has not shown that he acted in the clear absence of all jurisdiction. The actions taken by defendant Beach are all related to his role as

parenting coordinator. Defendant Beach is entitled to quasi-judicial immunity. Consequently, his motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that defendant Katie B. LeCluyse's Motion to Dismiss (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that defendant Ronnie M. Beach's Motion to Dismiss (Doc. 9) is granted.

This case is closed.

Dated July 19, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**